Hon. PIÈRRE ADOLPHE ROST, ⎱
Hon. GEORGE ROGERS KING, ⎬ *Associate Justices.*
Hon. THOMAS SLIDELL, ⎰

DE KERLEGAND, Administrator, *v.* ROBIN, Administrator.

One sued as administrator for a debt alleged to be due by the deceased, having no personal interest in the case, is a competent witness to prove that the claim had been paid by the deceased.

APPEAL from the District Court of St. Landry, *Overton,* J. The judgment of the court was pronounced by

SLIDELL, J. The plaintiff sues the defendant in his capacity of administrator of a succession, for certain debts alleged to have been contracted by the deceased. At the trial of the cause the defendant presented himself as a witness to prove that the claim had been paid by the deceased, offering also to be examined on his *voir dire* to exhibit his freedom from any personal interest. The plaintiff objected to the reception of this witness on the ground, "that he was the administrator of the estate touching whose interests he was called to testify; and because he was a party to the suit in the capacity of administrator." The court below sustained the objection.

We are of opinion that the court below erred. The proposed witness, though a defendant, was acting in a capacity purely representative. No personal responsibility was claimed. A mere agent and trustee of the heirs and creditors, it was wholly immaterial to him, personally, whether the claim of plaintiff should be sustained or rejected. Even for costs there was no personal liability. Thus the mind of the witness was free from any temptation to sacrifice the interests of the opposite party, or offend good morals by false swearing,

DE KERLEGAND
v.
ROBIN.

We are not willing to shut out the investigation of truth, by the objection, purely technical, and advanced |upon common law authorities, that, in his official capacity, he is a party to the record. The reason of the rule with regard to the incompetency of parties, is inapplicable to a case like the present. In England, the rule in question has, we believe, been recently reformed, its rigour having been found inconsistent with sound reason, and detrimental to the administration of justice.

It is therefore decreed that the judgment of the court below be reversed, and that this cause be remanded for a new trial; the appellee paying the costs of appeal.

*W. B. Lewis*, for the plaintiff.    *Swayze* and *Taylor*, for the appellant.*